# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TAWANDA S. RANKIN,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>MATTAMY HOMES CORPORATION,  )<br>MATTAMY CAROLINA BUILDING  )<br>CORPORATION, and MATTAMY  )<br>CAROLINA CORPORATION,  )<br>  )<br>    Defendants.  ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:10CV117 |

This matter is before the court on a motion to dismiss by Defendants ("Mattamy Homes") (docket no. 11). Plaintiff has responded in opposition to the motion, and, in this posture, the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. Thus, the motion to dismiss must be dealt with by way of recommendation. For the reasons set forth below, it will be recommended that the court grant Defendants' motion to dismiss.

**I.    Background**

This case arises from a dispute that Plaintiff has with her former employer, Mattamy Homes. In her complaint, Plaintiff states that she is a resident of Guilford County, North Carolina, and that Defendants, incorporated in Delaware and doing business in North Carolina, terminated her employment due to her pregnancy. Plaintiff asserts that she filed a charge with the Equal Employment Opportunity

Commission ("EEOC") alleging a violation of her rights under Title VII of the Civil Rights Act, and that she received a Right to Sue Letter within 90 days of bringing this action. The present action was filed in state court in January 2010, and was removed to this court on February 8, 2010.

## II.     Facts

For the purpose of the court's consideration of the pending motion to dismiss, the facts, as alleged in the complaint, will be accepted as true. Plaintiff, a female, states in her complaint that she was employed by Defendants as a new home sales consultant beginning in February 2007. She worked in that position for over a year with no problems or complaints. Sometime in 2008 she informed her supervisor that she was pregnant. According to her, she was then "subjected to extra scrutiny," her job performance "was constantly criticized" and her managers threatened to terminate her health insurance benefits. As a result of the actions of Defendants, Plaintiff alleges that she suffered severe emotional distress during and after her pregnancy, and was required by her doctors to take early maternity leave. She alleges that the actions of Defendants amounted to a constructive discharge.

## III.    Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C.

1995). The duty of fair notice under Federal Rule of Civil Procedure 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*).

In considering a 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008). The motion is properly denied if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Nevertheless, the court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations, because

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Finally, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949. Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## IV. Discussion

**Title VII Claim**

Plaintiff alleges that Defendants discriminated against her based on her gender and that she was terminated because of her pregnancy. Title VII prohibits discrimination in employment "because of" sex. 42 U.S.C. § 2000e-2(b). The Pregnancy Discrimination Act amended Title VII to add that "because of sex" includes pregnancy. *Id.* § 2000e(k). Therefore, Plaintiff's claim is analyzed as a claim under Title VII of the Civil Rights Act of 1964.

To support a claim of pregnancy discrimination, an employee must allege that (1) she was a member of a protected class, (2) she suffered an adverse employment action, (3) at the time of the adverse action, she was performing at a level that met her employer's legitimate job expectations, and (4) the position remained open or

was filled by a similarly qualified applicant outside the protected class. *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005). In order to prevail on a constructive discharge claim under Title VII, a plaintiff must allege (and establish): (1) the deliberateness of the defendant's actions, including an improper motivation (the plaintiff's gender, age, race), and (2) the objective intolerability of her working conditions. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186-87 (2004) (citation omitted).

Plaintiff has not alleged sufficient facts to state a claim for gender-based discrimination under Title VII. As noted above, there are four elements of a prima facie case of discrimination. Plaintiff states that she was pregnant and that she was criticized and exposed to "extra scrutiny" during her pregnancy which required her to quit her job. She alleges in a conclusory fashion that she was treated differently from her co-workers due to her pregnancy, but she does not provide any details. This bare-bones recitation of the elements of a discrimination claim, combined with conclusory legal statements, is simply not enough to state a claim. Indeed, Plaintiff's complaint contains little beyond "naked assertions devoid of further factual enhancements" that she was subject to discrimination. *Iqbal*, 129 S.Ct. at 1950. Here, the factual allegations as to the Title VII claim are contained in three short paragraphs in the complaint; few details are given, such as which managers said what to Plaintiff, what form the criticism and "extra scrutiny" took, and when the

threats concerning termination of her health insurance benefits occurred. Plaintiff fails to describe any specific instances where she was criticized or threatened or where other employees were treated differently; there are simply no specifics provided in the complaint. Plaintiff merely states that she suffered severe emotional distress and that her doctors required her to take early maternity leave. No other details are provided. While FED. R. CIV. P. 8(a)(2) "does not require 'detailed factual allegations,'" it does "demand [] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In her response to the motion to dismiss, Plaintiff asserts that because the full facts have not been developed through discovery, the motion to dismiss is premature. Plaintiff misunderstands the purpose of a motion to dismiss and the requirements of Rule 8. Where a complaint does not contain supporting allegations sufficient to put the defendant (and the court) on notice as to the nature of the claim, the court will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Plaintiff has not articulated facts, which, if accepted as true, state a plausible claim entitling her to relief. *See Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009).

Plaintiff also argues that because she first brought this case in state court, and it was removed to federal court, she should somehow be excused from federal

pleading standards. I do not agree. Plaintiff is not absolved of the pleading requirements under the federal rules and *Twombly* and *Iqbal* simply because the action was first filed in state court. Plaintiff states that she should be given the opportunity to amend her complaint in federal court, but she has not filed a motion to amend nor has she submitted a proposed amended complaint, as required under the rules. I am not convinced, moreover, that the North Carolina pleading standards are more lenient than federal pleading standards, and Plaintiff has not cited any authority to support this argument.

Plaintiff also contends that because the parties have previously participated in the EEOC proceeding, Defendants are already on notice as to the facts supporting her claim. Again, Plaintiff misses the point of the requirements of a complaint under Rule 8. A complaint must apprise both the court and the defendant of the factual and legal claims at stake. The court has no knowledge of what occurred in the EEOC proceeding; the charges and findings from that administrative proceeding are not part of the record before the court.[1] Moreover, it is impossible for the court or Defendants to determine whether Plaintiff's vague allegations in the complaint are within the scope of the EEOC charges.

Plaintiff devotes much of her brief to arguing that an employee's resignation can be considered a constructive discharge. Unfortunately for Plaintiff, that

---

[1] While Plaintiff specifically referenced her EEOC filing in her complaint, she did not attach any of the EEOC documents to the complaint.

conclusion is not in dispute. The issue here is that Plaintiff has not pled sufficient facts to support a claim for constructive discharge and discrimination under Title VII. Taking the facts alleged in the complaint in context and as true, the complaint does not state any claim for relief that is plausible on its face.[2]

**Intentional Infliction of Emotional Distress Claim**

In her second claim, Plaintiff alleges that the conduct of Defendants was so outrageous as to amount to intentional or negligent infliction of emotional distress. Defendants moved to dismiss this cause of action for failure to state a claim. In the brief in support of their motion, Defendants engaged in a lengthy discussion as to why this claim should be dismissed, *i.e.*, because Plaintiff has not alleged any extreme or outrageous conduct on the part of Defendants nor has she alleged any specific facts showing that she suffered emotional distress. Plaintiff has completely failed to respond to Defendants' arguments with regard to her second claim for relief. As such, she appears to have abandoned this claim.

In any event, even if the court were to find that Plaintiff has not abandoned this claim, it should be dismissed under Rule 12(b)(6). Under North Carolina law, to recover for intentional infliction of emotional distress, "a plaintiff must prove '(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3)

---

[2] I am aware that post-*Iqbal* it is difficult to lay down a concrete standard as to how much factual content in a complaint is required to give a defendant fair notice and what content moves allegations from merely conceivable to plausible. In this case, however, Plaintiff has simply not moved past conclusory allegations to well-pled factual allegations which could plausibly give rise to an entitlement to relief.

severe emotional distress to another.'" *Beck v. City of Durham*, 154 N.C. App. 221, 231, 573 S.E.2d 183, 190-91 (2002) (quoting *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981)). At issue here, therefore, is whether Plaintiff has sufficiently alleged "conduct [which] exceeds all bounds usually tolerated by decent society." *Beck*, 154 N.C. App. at 231, 573 S.E.2d at 191 (internal quotation omitted).

I find that she has not done so. The facts alleged by Plaintiff are vague and speculative and simply do not rise to the level of extreme and outrageous conduct necessary to support a claim for intentional infliction of emotional distress. Likewise, Plaintiff's allegations of negligence are vague and do not state a claim for negligent infliction of emotional distress.[3]

## IV. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the court **GRANT** the motion to dismiss (docket no. 11).

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
August 26, 2010

---

[3] As noted by Defendants, Plaintiff's negligence claim may also be subject to the exclusivity provision of the North Carolina Workers' Compensation Act.